FILED

2011 Jan-07  AM 09:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

NELL C. DYSART,

     PLAINTIFF,

v.                                      CASE NO.: CV-10-J-3521-S

BANKTRUST F/K/A THE PEOPLES
BANK AND TRUST OF SELMA, AL, *et al.*,

     DEFENDANTS.

### MEMORANDUM OPINION and ORDER

This case is before the court on the plaintiff's *pro se* complaint (doc. 1) which this court has considered *sua sponte*.  Because the plaintiff's complaint consists solely of conclusory and factually unsupported allegations which fail to meet the pleading standards set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the court is of the opinion the shotgun complaint is due to be dismissed without prejudice to the plaintiff's right to refile a complaint which complies with the Federal Rules of Civil Procedure, as set forth herein.

Accepting the allegations of the complaint as true, the court construes them "in the light most favorable to the plaintiff." *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003).  While complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, it does have to set forth "enough facts to state a claim to relief that is plausible on its

face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

To satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement showing an entitlement to relief, and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). Because the plaintiff is proceeding *pro se*, the court must construe her pleadings liberally and with leniency. *See e.g., GJR Inves., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11ᵗʰ Cir.1998). However, this leniency does not give a court license to "rewrite an otherwise deficient pleading in order to sustain an action." *Id*. *Pro se* plaintiffs must abide by the Federal Rules of Civil Procedure. *See e.g., Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983); *Sanders v. U.S.*, 113 F.3d 184, 187 (11ᵗʰ Cir.1997); *Moon v. Newsome*, 863 F.2d 835, 837 (11ᵗʰ Cir.1989).

The Federal Rules of Civil Procedure address the need for pleadings to be clear and precise. The plaintiff's complaint has failed to meet this standard. Rather, the

plaintiff's complaint reads as a "shot gun pleading."  Such pleadings "harm the court by impeding its ability to administer justice.   '[W]ast[ing] scarce judicial and parajudicial resources ... impedes the due administration of justice...'" *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11ᵗʰ Cir.2001).  Rule 8(a), Fed.R.Civ.Pro. provides that a pleading "which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds for the court's jurisdiction  ..." and "a short and plain statement of the claim showing that the pleader is entitled to relief..." Fed.R.Civ.Pro. 8(a).  Additionally, each claim for relief must be presented in a separate count. Fed.R.Civ.Pro. 10(b).  A complaint should also contain such clarity and precision that the defendant will be able to discern what the plaintiff is claiming.  *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366-67 (11ᵗʰ Cir.1996).

Taking the allegations of the complaint as true, the court finds that the plaintiff alleges a variety of wrongdoings and conspiracies by a variety of people, all somehow connected to the plaintiff discovering "on October 15, 2007 ... that she had just been injured by an unauthorized and wrongful foreclosure on her home.  This foreclosure presumably resulted from a property tax default, which [plaintiff] will prove was not the truth."  Complaint, ¶ 3.  The plaintiff alleges that defendant BankTrust violated a Court Order in breaching her mortgage contract and that  she has been injured by defendants' "racketeering enterprise."  Complaint ¶¶ 5-6.  Much of the conspiracy she

alleges occurred was orchestrated by defendant Sexton, plaintiff's attorney at the time. *Id.*, ¶ 8 and plaintiff's exhibit 5.

The plaintiff continues that defendant Anderson and defendant Peoples knew the plaintiff's 2003 property taxes were delinquent in March of 2004, because defendant Cochran filed a motion to Lift the Automatic Stay in plaintiff's bankruptcy case. However, the plaintiff also asserts that this was prior to plaintiff's filing of a Chapter 7 bankruptcy petition in 2004, and all of these actions were done to prepare to foreclose on plaintiff's home. Complaint, ¶¶ 46-47. This was also all in retaliation against plaintiff because she owed an unsecured loan to People's Bank and hence they wrongfully foreclosed on her property. *Id.,* ¶¶ 31, 33, 47-48. She learned about the tax sale and that she was not allowed to redeem the property on March 1, 2006. *See* plaintiff exhibit 22.

Sometime after the 2004 bankruptcy filing, there were two separate tax sales on the plaintiff's house, which were declared void by the bankruptcy court in September 2007. Complaint, ¶ 49. Her home was foreclosed in October 2007. *Id.,* ¶¶ 50-51. The plaintiff asserts said foreclosure somehow constituted wire fraud, mail fraud, and violated Alabama Code sections as well. *Id.,* ¶ 52. The plaintiff further alleges that the purchaser of her property did so illegally, that the foreclosure sale was not properly held, and that her attorney failed to keep her informed. Complaint, ¶¶ 57-60. This is also related to a subdivision plaintiff was developing with her son, for

which her attorney wanted to handle the closings and also purchase some lots. *Id.*, ¶ 59. She further states the foreclosure was illegally done and that defendants "failed to comply with the law." *Id.*, ¶¶ 60-64. The plaintiff also claims that as a "direct and proximate result of Defendant's violation of 18 U.S.C. § 1962(c), [the plaintiff] is injured by the fact that she is now forced to take care of her mother on a 24/7 basis." Complaint, ¶ 87.

Based on the foregoing, the plaintiff states claims under the following sections of the United States Code: 18 U.S.C. § 1961(1); 18 U.S.C. §§ 1962(c) and (d); 18 U.S.C. § 1341; 18 U.S.C. § 1343; 18 U.S.C. § 1344(2); 18 U.S.C. § 1505; 18 U.S.C. § 1509; 11 U.S.C. § 362 (k)(1); 18 U.S.C. § 1964(c); 15 U.S.C. § 1692 *et seq.*, plus Alabama Code sections: § 35-4-153; § 35-10-1; § 35-10-8; § 35-10-9.[1] The plaintiff asserts numerous criminal violations, including mail fraud, wire fraud, bank fraud, conspiracy, and various obstruction claims, in her eight count, forty page complaint.

The court cannot discern from the plaintiff's complaint what allegations support what causes of action, whether some of the allegations have any bearing on the claims in the complaint, or which defendants are allegedly responsible for which actions. This court does not have the duty to create claims which the plaintiff has not spelled out in her pleadings. *See Case v. State Farm Mut. Auto. Ins. Co.,* 294 F.2d

---

[1]According to plaintiff's complaint, she first obtained the mortgage in question in August 2002. *See e g.*, plaintiff exhibit 7. As such, her mortgage and the foreclosure thereon is controlled by Ala.Code § 35-10-10, *et seq.*, and not by the Alabama Code sections she cites. *See* Ala.Code § 35-10-16.

676, 677-78 (5ᵗʰ Cir.1961); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1296 (11ᵗʰ Cir.2002).

Additionally, this is not an appellate court for Alabama Court proceedings or claims of violations of bankruptcy court rulings. Foreclosure actions are not appealable to this court. The *Rooker-Feldman* doctrine prohibits federal courts from reviewing state court proceedings. *See e.g., Siegel v. LePore*, 234 F.3d 1163, 1172 (11ᵗʰ Cir.2000). If the plaintiff believes her mortgage was wrongfully foreclosed, couching that foreclosure in RICO language does not make it into a federal claim. If plaintiff believes she was subjected to legal malpractice, she should sue her attorney directly for legal malpractice, and not couch the same in RICO language.[2]

The vast majority of the acts about which plaintiff complains occurred between three and seven years prior to the filing of this lawsuit. Even if the court could discern from the plaintiff's complaint what actions she contends formed the criminal enterprise, the statute of limitations for civil RICO actions is four years. A civil RICO action begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of her injury and that the injury is part of a pattern. This requirement is in accordance with the four year statute of limitations established by the United States Supreme Court because it requires plaintiffs to pursue the civil RICO remedy within four years of the time when they discovered, or

---

[2]The court has no opinion on whether these are viable claims given the convoluted complaint from which the court is drawing these observations.

reasonably should have discovered, that they are entitled to civil RICO damages for their injury. *McCaleb v. A.O. Smith Corp.*, 200 F.3d 747, 751 (11th Cir.2000). In her complaint, the plaintiff alleges her troubles first arose in 2003 or 2004. She states that in March 2004, defendant Peoples knew plaintiff was delinquent in her 2003 property taxes. Complaint, ¶ 47. She also asserts that her March 2004 mortgage payment was not accepted. Plaintiff exhibit 6. In the RICO context, "inquiry notice" controls. *Prudential Ins. Co. of America v. United States Gypsum Co.,* 359 F.3d 226, 236-37 (3rd Cir.2004) (rejecting the argument that the statute of limitations for civil RICO claims is triggered only when the injury becomes "actual"); *Takeuchi v. Sakhai*, 227 Fed.Appx. 106, 107 (2nd Cir.2007) (rejecting plaintiffs' "actual injury" argument and holding that the statute of limitations ran from the time plaintiffs were on inquiry notice as to their injuries).

Given the allegations of the plaintiff's complaint, the court finds the foreclosure itself was not the point at which the plaintiff should have learned of the alleged fraudulent scheme, but rather before then, such as March 2004 when plaintiff had the bank refuse a mortgage payment, or March 2006 when plaintiff learned she was not allowed to redeem her property. *See* plaintiff exhibit 22.

Similarly plaintiff's state law claims pursuant to § 35-4-153, Alabama Code 1975, as amended, and other Alabama Code sections, while couched in terms of foreclosure, seem more accurately to state claims for various types of fraud. In

Alabama, the statute of limitations for fraud is two years, starting from the time a plaintiff should have or did discover facts indicating the existence of fraud. *McGowan v. Chrysler Corp.*, 631 So.2d 842, 845 (Ala.1993); *Henson v. Celtic Life Ins. Co.,* 621 So.2d 1268, 1274 (Ala.1993).

The plaintiff states violations of the Fair Debt Collection Practices Act occurred, although there is no specific action alleged to have violated this Act. In any event, claims under that Act are subject to a one year statute of limitations. *See e .g.,* 15 U.S.C. § 1692k(d); *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir.1995). As this suit was filed December 20, 2010, and no allegation of the complaint occurred within the one year prior to this date, all claims under the Fair Debt Collection Practices Act are barred.

To the extent the plaintiff's claims are not barred by the statute of limitations or otherwise, the court is of the opinion they are due to be dismissed for failing to state a claim upon which relief may be granted.

It is therefore **ORDERED** by the court that this case be and hereby is **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** this the 7th day of January, 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE